WHEELAN, Respondent, vs. UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant.

*April 4—April 24, 1917.*

*Attorney and client: Recovery for services: Interest: Fidelity bond: Payment of claim before liability established: Defense fund in hands of attorney: Trust: Right of surety to fund: Evidence.*

1. In an action by an attorney at law against a bonding company to recover for services and disbursements, it is *held* that the undisputed evidence shows that plaintiff was retained by defendant in the matters concerning its liability on a fidelity bond, and that the jury's finding as to the amount which plaintiff was entitled to recover is sustained by the evidence.
2. A claim having been made against defendant upon a fidelity bond by which it had insured a city to the amount of $2,500 against loss through larceny or embezzlement by one C., a city employee, defendant retained plaintiff, an attorney, in the matter, but afterwards, against his advice, paid $2,500 to the city on account of said claim.    Thereafter, in a criminal action for larceny and embezzlement, C., who was defended by plaintiff, was acquitted.    In this action to recover for services rendered by plaintiff to defendant the latter counterclaimed for $2,500 on the ground that money to that amount had been sent by relatives of C. to his wife and had been turned over to plaintiff subject to a trust for the benefit of defendant, and that it was

to be used to pay any shortage in C.'s accounts with the city and to discharge the liability of C. to defendant and the liability of C.'s father upon an indemnity bond which he had given to defendant. The jury found that the fund so received by plaintiff was not sent to C.'s wife to be used solely for the purposes thus alleged. *Held,* upon the evidence, that such finding is not clearly wrong, and hence it must stand.

3. Although a certificate of deposit of the money so received by C.'s wife was indorsed by her to plaintiff, and he deposited the same, as attorney for the defendant, it appears that this was done for the sole purpose of preventing garnishment of the fund by C.'s creditors; and the undisputed evidence shows that plaintiff did not receive it to hold as the attorney or agent of the defendant, but was to use it for the benefit of C. in defending the criminal action, to protect C.'s father against liability on his indemnity bond, and, so far as possible, to discharge the liability of C. to the city if he should be found guilty of larceny or embezzlement.

4. It having been established that plaintiff does not hold said $2,500 fund for the purpose of discharging any liability of C. to the defendant, and C. not being a party to this action, the question whether C. had been guilty of larceny or embezzlement of the city's funds so as to become liable to defendant is not a proper issue to be determined on defendant's counterclaim; and until such a liability has been legally established defendant cannot assert a liability of C.'s father on the indemnity bond. Evidence offered by defendant to show that C. was guilty of larceny or embezzlement was, therefore, properly excluded in this action.

5. Interest upon the amount found due to plaintiff in an action for legal services was properly allowed from the date of demand by him to the date of the entry of judgment.

ROSENBERRY, J., WINSLOW, C. J., and ESCHWEILER, J., dissent.

APPEAL from a judgment of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This is an action by the plaintiff to recover $452.03 which he claims is due him from the defendant for legal services rendered for the defendant in connection with the defendant's liability upon a bond to insure the city of Marshfield against loss through embezzlement or larceny of one Louis B. Carl, superintendent of the waterworks and electric light plant of

that city.   The defendant alleges a counterclaim of $2,500, the amount paid by it to the city of Marshfield on account of the giving of this bond.   The defendant alleges that the amount of $2,500 was deposited by the mother and sister of Louis B. Carl with the plaintiff, and that this was a trust fund in the plaintiff's hands created to cover alleged shortages in the accounts of Louis B. Carl, and that the defendant has the right to have so much of the fund paid to it as will reimburse it for the amount it paid to the city of Marshfield under the obligation of its bond.   Defendant denies liability to the plaintiff for $452.03, upon the ground that the defendant derived no benefit from the plaintiff's services and that the plaintiff neglected to protect the defendant's interests committed to his charge.

The plaintiff is an attorney at law practicing his profession in Grand Rapids, Wisconsin.   The defendant is a corporation engaged, among other things, in the writing of fidelity and surety bonds and is licensed to transact business in Wisconsin.   Plaintiff had acted as local attorney for defendant for some time prior to the time he was engaged in the matters concerning the defendant's liability on the bond in question.

On August 23, 1909, defendant executed a fidelity bond wherein it insured the city of Marshfield, Wisconsin, in the amount of $2,500 against loss resulting from any act of dishonesty amounting to larceny or embezzlement on the part of Louis B. Carl as superintendent of the waterworks and electric light department of that city.   In the early fall of 1913 charges of defalcation were made against Louis B. Carl by the city of Marshfield, which resulted in his arrest.   Demand was immediately made upon the defendant company by the city of Marshfield to reimburse the city for the alleged shortages of Louis B. Carl.   A special agent of the company, Edward J. Roche, was sent to Marshfield and he engaged the plaintiff to represent the company's interest in regard to

the alleged default of Mr. Carl. The plaintiff alleges that
it was agreed between him and Mr. Roche that the plaintiff
should confer with Mr. Carl, who was then in the Wood
county jail, and if he determined that Mr. Carl had any de-
fense he was to defend the defendant company and Mr. Carl.
Plaintiff thereupon engaged to defend Mr. Carl in the crim-
inal action. This fact was communicated by letter to Mr.
Lang, defendant's vice-president.

Herman Carl of Troy, New York, the father of Louis B.
Carl, was liable to the amount of $1,500 to the defendant
company on his bond of indemnity. On November 5, 1913,
the sum of $2,500 was sent by Mrs. Herman Carl, the mother
of Louis B. Carl, and by Marie Carl, his sister, to Mrs. Louis
B. Carl of Marshfield at the request of Louis B. Carl. This
sum Mrs. Carl deposited in a bank, thereafter indorsing the
certificate of deposit for this amount to the plaintiff. He
deposited this certificate in the Citizens' National Bank of
Grand Rapids as attorney for the defendant company.

In February, 1914, the city of Marshfield, through its at-
torney, threatened that if the bonding company did not pay
the city the amount of the bond they would appeal to the in-
surance commissioner of the state of Wisconsin to have its
license revoked, and on February 24, 1914, against the ad-
vice of the plaintiff, the defendant paid to the city of Marsh-
field the sum of $2,500. The plaintiff refused to reimburse
the defendant company out of the fund transferred to him by
Mrs. Louis B. Carl which she had received from Mrs. Her-
man Carl and Marie Carl, alleging that she held the fund
for the protection of Louis B. Carl and to secure immunity
of Carl from the alleged defalcation and to defend him in
the criminal action then pending on account thereof.

The plaintiff defended Louis B. Carl in the criminal pros-
ecution, in which he was acquitted of the charge of larceny
and embezzlement of the city's funds. The defendant re-
fused to pay the plaintiff his claim for services and disburse-

ments as its attorney in the matter, and counterclaimed, in his action to recover for his services, for $2,500, which it alleges the plaintiff wrongfully retains in his possession.

The case was tried to the court and jury. The jury returned a special verdict finding (1) the plaintiff was entitled to recover for services and disbursements as attorney for the defendant in the matter of the alleged defalcation of Louis B. Carl the sum of $405.40, and (2) that the $2,500 which the defendant seeks to recover of the plaintiff as a counterclaim in the action was not sent to Mrs. Carl to be used solely and only to discharge any liability of Louis B. Carl and Herman Carl to the defendant and to adjust claims of the city of Marshfield against the said Louis B. Carl.

Upon the verdict of the jury the trial court awarded judgment in the plaintiff's favor for the sum of $452.03 damages and dismissed the counterclaim of the defendant.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Emmet Horan, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Horan* and *Mr. Jackson B. Kemper.*

For the respondent there was a brief by *Goggins, Brazeau & Goggins* of Grand Rapids, and oral argument by *T. W. Brazeau* and *Hugh W. Goggins.*

SIEBECKER, J. The principal controversy on this appeal involves the defendant's right to recover the sum of $2,500 upon its counterclaim. As appears from the foregoing statement, the claim is made against the plaintiff on the ground that he has in his possession a fund of this amount for the benefit of the defendant company and that he now wrongfully retains the same to the defendant's injury. The jury's finding as to the defendant's right to such fund negatives the defendant's claim that it has any beneficial interest in or right to recover the fund. The evidence of the case is so voluminous and involved that a recital of the substance of it

here cannot be undertaken nor would it serve any useful purpose.

The trial court correctly held that the evidence does not present a dispute but that the plaintiff was retained by the defendant company as its attorney in the matter of the alleged defalcation of Louis B. Carl as superintendent of the Marshfield electric light plant and waterworks, and properly submitted to the jury for determination whether or not the plaintiff rendered any service of value and necessarily expended money in performing services, and if so that they were to determine the value and amount thereof. This inquiry was, under the evidence, one for the jury. Their finding on this question cannot be disturbed as against the evidence.

The defendant contends that the court erred in dismissing its counterclaim for the reason that the evidence shows that the $2,500 fund the plaintiff received from Mrs. Louis B. Carl was received by him for its benefit, while the plaintiff was acting as its attorney in the Carl matter, to pay any shortage of Louis B. Carl to the city of Marshfield and to discharge Carl's liability to the defendant under its bond and Herman Carl's liability on an indemnity bond for $1,500 he gave the defendant. The effect of the jury's finding on this issue is against the defendant's claim and sustains the plaintiff in his contention that the money was not received by him for this purpose, but that he received it pursuant to an agreement with Louis B. Carl and his wife for Carl's protection in the matter in controversy, and that it was the money of Louis B. Carl. We have read the evidence attentively and studied it with care in the light of these respective claims of the parties to the action, and under the facts and circumstances shown we are led to the conclusion that the jury were amply sustained in their finding of the facts upon the issues submitted to them for determination. The letter of Louis B. Carl of October 31, 1913, to his

mother, the evidence of his mother and sister explaining the transaction of sending the money to Louis's wife, and the letters acknowledging receipt thereof and the uses to which the funds were to be devoted clearly permit of the inference that the mother and sister loaned Louis the money for the purpose of having him use it for his protection and to discharge his liabilities arising out of the alleged defalcation covered by the defendant's fidelity bond and the father's bond of indemnity to the defendant. Under the facts and circumstances of the case it cannot be said that the mother and sister intended, and that Louis B. Carl and his wife understood, that this money was to be held by Mrs. Louis Carl for the sole purpose of applying it in payment of any liability of Louis B. and Herman Carl to the defendant arising under the defendant's liability bond. While the evidence in the case permits of different and conflicting inferences, this court cannot say that the trial court and jury are clearly wrong in their determination of the issue of fact, and hence their determination must stand in this case. The defendant's claim asserting a beneficial interest to this fund is that the fund is impressed with a trust for discharging the obligation arising under its fidelity bond. The evidence is too vague and uncertain to compel this court to reverse the trial court and jury on this question. We are satisfied that the result of the trial on this issue is justified by the record and that the transaction between Louis B. Carl and his mother and sister is in effect a loan to Louis B. Carl, and that he and his wife had the right to use the fund as they did.

It is also contended that the plaintiff received the fund as defendant's attorney and that he has wrongfully converted it to his own use to the defendant's damage. The fact that Mrs. Louis B. Carl indorsed the certificate of deposit to the plaintiff and his deposit thereof as the attorney of the defendant is fully explained. It appears that this was done for the sole purpose of preventing garnishment of the

fund by Louis B. Carl's creditors. The evidence is practically undisputed that when the plaintiff received the fund from the Carls it was with the understanding that he was to use it for the benefit, protection, and aid of Louis B. Carl in the defense of the criminal action and other actions against him. The evidence of Mr. Calkins, who procured the certificate from Mrs. Carl, is plain and unequivocal as to the terms and conditions upon which it was turned over by the Carls. It is clear from the facts material to this inquiry that the plaintiff did not receive the fund from the Carls to hold as the attorney or agent of the defendant, but that he received it and was to hold it for Louis B. Carl and to use it so far as necessary in defending the criminal action and to protect Herman Carl against liability on his indemnity bond, and to discharge any liability so far as possible should it be found that Louis B. Carl, as superintendent of the waterworks and electric light plant, was liable for embezzlement or larceny. Under this state of the case no question of the plaintiff's liability for the fund in his capacity of attorney or agent can arise.

An exception to the court's exclusion of evidence offered by the defendant to show that Louis B. Carl is guilty of larceny or embezzlement of city funds covered by the defendant's bond is urged as error on this appeal. It is claimed that this evidence was improperly rejected under the issues raised by the plaintiff's denial of the defendant's charge in its counterclaim that he holds the fund for the purpose of discharging any liability of Louis B. Carl to the defendant. As above shown, the plaintiff does not hold the fund for such purpose, and hence the exception is not well taken on this ground. It appears that the plaintiff did agree to pay any liability that might be established against Herman Carl on his indemnity bond. This, however, does not require the plaintiff to litigate the question of Louis B. Carl's guilt of larceny or embezzlement as such city employee. The

question of the liability of Herman Carl to the defendant in the indemnity bond can only arise if Louis B. Carl is found guilty of larceny or embezzlement of city funds which came to his hands as superintendent. The only action in which this arose was the criminal action in which Louis B. Carl was acquitted. The question of liability between Louis B. Carl and the defendant bonding company as surety for Carl's fidelity has not been litigated.

Under these circumstances such liability is not properly an issue to be determined upon the defendant's counterclaim in this action to which Louis B. Carl is not a party. The issue properly triable in this action can involve only the contract out of which arose the plaintiff's claim for services and any counterclaim of the defendant arising out of the transaction, or a cause of action in the defendant's favor arising out of the contract and existing at the commencement of this action. No liability of Herman Carl on his indemnity bond has been established up to this time, and the defendant cannot assert it until it has been legally established that Louis B. Carl is liable for the larceny or embezzlement of the city's funds in his custody as superintendent of the light and water plant.

The contention that the court improperly allowed interest to the plaintiff on the amount awarded him for services from the date of demand made by him to the date of the entry of judgment is not sustained. This was a proper charge under the facts shown. These views of the case determine all material questions on this appeal and render discussion of other matters presented in the briefs unnecessary. We find no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.

ROSENBERRY, J. (*dissenting*). Assuming that the verdict of the jury should not be disturbed, it appears without dispute, as stated in the opinion of the court, "that the plaint-

iff did agree to pay any liability that might be established against Herman Carl on his indemnity bond." I dissent from the conclusion reached that the defendant guaranty company cannot establish as a fact in this action that such liability does exist. I can see no reason why that issue cannot as well be litigated in this action as in any other. It is undisputed that Louis B. Carl has surrendered any claim which he had against this fund, and the sole question for determination is the right of the plaintiff to retain it. It is undisputed that Herman Carl, the father of Louis B. Carl, had given to the defendant guaranty company an indemnity bond in the sum of $1,500, and that $1,500 had been paid to the plaintiff as the attorney of the defendant guaranty company for the purpose of protecting Herman Carl from any liability upon his bond which might be established by reason of the breach of the bond issued by the defendant guaranty company to the city of Marshfield for Louis B. Carl. I think the defendant guaranty company should have the right to establish its claim to that fund in this action and not be compelled to litigate that question with Louis B. Carl, and thereafter perhaps be compelled to bring a separate action against the plaintiff herein.

WINSLOW, C. J., concurs in the foregoing dissenting opinion.

ESCHWEILER, J. (*dissenting*). I concur in the dissent by Justice ROSENBERRY. I wish also to add that I am satisfied that the second question of the special verdict did not dispose of the vital question of fact, which was whether $1,500 included in the $2,500 sent Louis Carl was to be used as indicated in that question. The answer to that question by the jury finding that the whole sum of $2,500 was not so sent is entirely consistent with an affirmative answer as to the $1,500. The mother and sister were greatly interested

in keeping from the old father the news of his son's trouble and the possibility of his liability to the extent of the $1,500 bond given to the defendant.    Actuated by these motives, as well as interest in the son and brother, they sent on the money in answer to Louis's letter of October 31st, which contains this significant language: "He [referring to plaintiff] claims that he can get me free if we pay this money back" (meaning to the city).    Money sent for such a purpose could not be lawfully diverted to other purposes by Louis Carl without the consent of the senders.

It appears to me that there arose a clear-cut conflict of duty on plaintiff's part as to this fund.    It came into his hands impressed with a trust.    He used the same for his own benefit.    1 think the defendant was entitled to the $1,500.